Oh, yay. Oh, yay. Oh, yay. The Honorable Appellate Court, 5th District, State of Illinois, is now in session. The Honorable Justice Cates presiding, along with Justice Barberis and Justice Wharton. The first case this morning is number 5-180302, People v. Valigura. Arguing for the appellant, Samantha Valigura, is Unsan Nam. Arguing for the appellate, People of the State of Illinois, is Jessica Book. Each side will have 10 minutes for their argument. The appellant will also have 5 minutes for rebuttal. You'll see the digital timekeeping device on my screen. When time's expired, I'll hit the gavel. And finally, please remember, no photographs and only the clerk of the court is permitted to record these proceedings today. Okay, are the attorneys ready? Yes, Your Honor. Okay, Ms. Unsan Nam, you may proceed. Thank you, Your Honor. Good morning. May it please the court, counsel, Assistant Appellate Defender Unsan Nam, on behalf of Samantha Valigura. The sole issue before the court today is whether post-plea counsel, pursuant to Illinois Supreme Court Rule 604D, failed to strictly comply with the rule's requirements where counsel did not amend Ms. Valigura's one-page handwritten letter to the trial court or file a proper Rule 604D motion. That's because, as I'm going to get into today, the claims that Ms. Valigura makes in her post-plea claims are that her trial or her plea attorney was ineffective for giving her wrong advice and for not sufficiently explaining the consequences of her guilty plea. So before getting started, it's instructive briefly review some of the undisputed facts in this case. So Ms. Valigura pleaded guilty. She filed a one-page, this is the one-page handwritten letter to the trial court asking to withdraw her guilty plea. And the state doesn't dispute that her pro se letter triggered Rule 604D proceedings. So Rule 604D protections came into play with her letter, and the trial court here properly appointed her post-plea counsel, a new attorney, because her claims are that plea counsel, his representation was ineffective. So post-plea counsel, the new attorney files a facially compliant Rule 604D certificate, and that's not in dispute. And he shows up to court, he argues on our behalf, but he doesn't file an amended motion or any type of pleading. So the problem here is with post-plea counsel's representation, whether it was sufficient under the strict compliance rule for Rule 604D. Because his certificate specifically states that he made any amendments to the letter or the motion necessary to adequately present any defects in her guilty plea hearing. And as the state argues, we're not arguing that post-plea attorneys have to always file a motion or always file some sort of pleading. That's not what we're saying. We're saying in her case specifically, post-plea counsel needed to file something because her letter, while it triggered Rule 604D proceedings, wasn't enough to go forward once an attorney was appointed. Ms. Vallagura really wants or really encourages this court to look at People v. Bridges. It's a 2017 Second District case. It's very similar to Ms. Vallagura's and the result should be the same. So in Bridges, like Ms. Vallagura, the defendant pleads guilty and thereafter files a pro se motion to withdraw. Like the defendant in Bridges, Ms. Vallagura also argued that she had inadequate representation of plea counsel and that's what the defendant in Bridges says. Excuse me. Is Ms. Vallagura eligible for expungement under the new statutes? Well, it was a less than 15 grams of a substance case. I'm not sure. I think it also depends on whether she has a criminal history. And in her case, the trial court does ask the state about it and there wasn't a real definitive answer there. So Ms. Vallagura said that her previous case, she wasn't found guilty or she wasn't convicted of it. The trial court doesn't push any further, so we don't have... I don't know for sure, I guess, is the answer. You indicated you want us to look at People v. Bridges? Yes, Your Honor. It's not listed in your points and authorities in your brief. Do you have a citation for that or is it in the brief? It's in the opening brief. I'm sorry? It's in the opening brief, page I. I'm looking at the reply. I'm sorry. Thank you. Okay. I can still give you the... I apologize. I can still give you the site. It's 2017 ILAP 2D 150718. Okay. You indicated though that the post-plea counsel filed a facially sufficient complaint. That's correct, Your Honor. Do you believe that this court could find under any circumstances that with a facially sufficient 604D that there could be substantial compliance with the rule or does it have to be strict? Well, it has to be strict, Your Honor, and I think People v. Bridges kind of clearly points that out, saying it has to be strict compliance with all the requirements of Rule 604D because if there's any part that's not complied with strictly, it would go back for a new 604D motion and a new hearing on that motion, and I think that's the result that we want in this case as well because of how applicable Bridges is to Ms. Valagura's case. So the slight difference between Bridges and Ms. Valagura's case is that Ms. Valagura filed this pro se letter and she doesn't have an affidavit. In Bridges, actually, the defendant filed a pro se motion and attached his affidavit to it or attached an affidavit. There, the post plea attorney did a little bit more. She filed an amended motion and it was very detailed, but the problem there was because of the detailed allegations in the amended motion, there needed to be an affidavit. There needed to be something more. So the detailed allegations involved matters that could not be found on the record, and that's the argument here. Ms. Valagura says that she was given some sort of misadvice by plea counsel, that plea counsel didn't explain to her some of the consequences, and I think that's significant because the trial court does advise her of Rule 402 admonishments, but we cannot be sure what exactly Ms. Valagura and her plea counsel talked about, what type of consequences she was concerned about, and what types of wrong advice she was given before she pled guilty. So these are matters that cannot be found in the record, like the case in Bridges, and the Bridges court talks about it has to be strict compliance. Any type of non-compliance there should result in a remand back to the trial court, and Ms. Valagura actually asked this court to review footnote one in Bridges. I think that's very important there about what to do for Rule 604D compliance or non-compliance. So as in Bridges, Ms. Valagura, she's claiming some sort of issue with the conversation she had with plea counsel outside of the record, and of course, no matter what's in the record, those conversations usually aren't contained in the record, aren't contained here, and post-plea counsel does certify, at least spatially certify, that he talked to her, he discussed what her issues were, and he argues for her. So I know he doesn't amend, and that's the big issue, is he doesn't amend her motion or her letter. He doesn't attach any affidavits about the conversation she had with plea counsel. He doesn't call her, and I think Bridges court talks about that. Counsel could have, you know, elicited evidence by testimony or some sort of other way, but counsel didn't. So even there where counsel files a very detailed and, you know, significant amended motion, it wasn't enough under Rule 604D, and the court discusses towards the end of its decision that these motions to withdraw guilty plea hearings, they're not just some sort of sherry. They're not supposed to be just the stepping stone to get to appeal. It's actually important because we need that record for review. Let's see, and I think on, or in paragraph 11, the court specifically says the hearing in this case served little purpose other than to clear this procedural hurdle, and I think that's exactly what happened in Ms. Vallejo's case. Counsel does argue for her, does say that her letter is, you know, sufficient. It's just the rule specifically states if there's, if the claims on, or if the post plea claims discuss matters that are outside the record, there has to be an affidavit. What matters are outside of the, what matters exactly are you referring to are outside of the record? So her claims against her plea attorney. Okay, wouldn't that be in the record since she was asked if she had the opportunity to discuss with her plea attorney before taking the plea that she was satisfied with the representation, that she had opportunity to discuss everything with the attorney? Does that not put it in the record, that claim in particular? That's correct. Can I answer that final question, Your Honor? I would ask, Presiding Justice? Yes, absolutely. Yeah. So again, the rule 402 admonishments were fine. There weren't any issues. It's just, we don't know exactly what the matters were. And she could have found out after she pleaded guilty that her plea counsel gave her wrong advice about something. We don't know. So the record itself doesn't clarify or doesn't specify what the problem is here. And that's why we needed to I have another question. Is the defendant's period of probation that she was sentenced to how many years, two years of probation or four years of probation? That's correct, Your Honor. Two. Two years. Is that period over now? So yes, it's over. I checked judicially a few days ago, and I think there's proceedings that affect her current status of her case right now. So was there a motion to revoke her probation that's still pending? Yeah. I can't be positive, but I think that's what I saw when I last checked. So it seems like the proceedings are still ongoing. In the record, she talked about maybe not being able to pay off her fines or the probation fee or something like that. So I don't know exactly what the issue is that has her case going forward or still pending, but it's still pending. So this matter does matter to her case. Just for my clarification, if, in fact, there were nothing further to be done in that probationary period and she's got no other motions that are strictly related to the probation, would that make this matter moot then? No, Your Honor, because it's still a conviction on her record. And as Justice Cates asked earlier, if it was expungeable or sealable, it'd be a different story, but we don't know for sure with the record that we have. So our argument still is that this wouldn't be moot. This would still be a valid matter to argue on appeal. Okay. Thank you. I'll leave my questions for the reply. Okay. Ms. Book, the state. Thank you, Your Honors Counsel. This is Jessica Book for the people. First of all, the state would like to point out that what is required of 604D is not that defense counsel, when they're adequately present defendants' allegations if they're not in the record or need to be presented. Basically, it's to fix any issues that would be not determined by the record. And here, the record establishes and supports what defense counsel did. The defendant, when she was taking her plea, stated, I'm not under the influence of any drugs. I've talked to counsel. I'm thinking clearly. I'm entering this plea willingly and voluntarily. And she signed the plea agreement. And also, at her very first appearance, she stated on her own, of her own volition on the record, that she didn't understand why she was arrested. There was no crime. They just randomly brought the drug dogs out and everything, which would then put out in the record that there was a defense that she could have claimed. And then when she pleaded guilty, she didn't assert that defense. She pled guilty, didn't assert the defense. Are you suggesting that because she had mentioned that one time, I believe it's post-plea attorney, based on his 604D affidavit, said basically that he had reviewed the record and that he would have caught that and that we have to assume that he would have discussed this with her? No. What I'm using that for is that the defendant was aware at that point in time, at the very beginning of this case, she was aware that she believed she had a defense. That defense was not argued then at any point in time. She ended up pleading guilty. So, a logical progression from that would be that she knew she had a defense. She brought it up with her defense counsel and they did not argue that defense. Instead, she conferred with her counsel and decided to plead guilty. So, it's on her if she failed to bring that up to her attorney afterwards and that attorney didn't have a responsibility to do anything with it? No. I'm sorry, Your Honor, to interrupt you. That's also not what I'm saying. I'm saying that it is quite possible that they did discuss her defense and determined that it wasn't actually a defense. Oftentimes, a lot of defendants aren't aware that if they're in a vehicle and someone else in the vehicle has the drugs or whatever, that they could be liable for that. She just said that she, I believe she said that they weren't committing any crime. The drug dogs just showed up. Well, the police report, which is not in the record, but the defense counsel would have gone over that with defendant, could have said, we smell drugs emanating from the vehicle and defendant had to be, oh yeah, okay, I understand where they're coming from. That is why I'm bringing that up. It's not as if defendant's defense that she's claiming in the pro se letter to withdraw her plea is a brand new defense. I mean, she was aware she had that defense and so was the court because she brought it up. So, it could be presumed that she discussed it with her plea counsel. What case would we look to say that we can make such a presumption? There's, I don't know of any case that can say there's an absolute presumption. I'm not talking about absolute, but here we're not talking about, correct me if I'm wrong, we're not talking about the defense counsel's inadequacy. We're talking about the post plea counsel's inadequacy. So, you talk about, I think you used the word, it is quite possible that our lawyer discussed this with her, but isn't that the whole point? What is possible and what is not possible? They're asking for a hearing to discuss that. What is at issue right now is the 604D counsel's non-compliance. As far as the trial courts or the trial counsel's non-compliance, that's not on appeal here and that's not being challenged as they're ineffective. So, I guess I'm not understanding exactly what you're saying. So, what I'm saying is that I think what the defendant's counsel is arguing, correct me if I'm wrong, is that because he did not discuss with the defendant and raise formally with an affidavit this whole issue about suppression of the arrest and the drugs, fruit of the poisonous tree, so to speak, that post plea counsel violated the rule. So, when it goes back, if it goes back, what would be discussed is his failure to do so, what was in the record. They could then call the defendant and call the plea counsel and have a hearing. Do you see what I'm saying? Yes, I do see what you're saying. Is that what you understand? Yes, that is what I understand what defendant is requesting. The reason that I brought up what defendant stated, sorry, the reason why I brought up what defendant stated at the initial hearing was to show there is evidence on the record that this was not a new defense, that it was a defense that defendant claimed at the very beginning of the case. That is the reason why I brought it up. Clearly, it seems the state does concede that by filing this letter, it did trigger the 604D issue. Yes, it did. The trial court properly appointed counsel. They skipped over the whole hearing on it and just automatically appointed counsel, but yes, they did do that correctly. I want to interrupt you one last time and then I promise I'll shut up. Defendant has relied on people versus bridges and I've had an opportunity to bring it up. I guess that's, although if I were sitting in the courtroom, it'd be the same. I bring my iPad, but the court in bridges does say that even with this hearing that occurred, there was, was the defendant present in this case for any of the discussions on the 604D? I believe defendant was present. Yes. So, but there was a full-blown hearing in bridges and here I'd like you just to distinguish bridges, if you could, from our case, the case you're representing for the state. Bridges is very close and I'd be remiss if I said that it was not absolutely at all applicable, but it's our raised in bridges by post-plea counsel. The court found that what they did was not sufficient because none of the information was on the record. Where here, there is information on the record that supports post-plea's decision not to file any amendments to the post-plea proceedings. As the trial court found, the record shows that defendant knowingly and voluntarily entered the police. She had an opportunity to say, I did not talk to my counsel or I didn't go through this in the council. I don't understand what's going on. And instead on the record, she stated, no, I spoke with counsel. I understand. I'm not under the influence of drugs. That would be how we would distinguish this case from bridges. But your opponent pointed out that the information that she is wanting to bring up to the court now could have been discovered later after the plea. Does that change the analysis there? It could. However, it's our position that the record does provide evidence that would support defense counsel's or post-plea counsel's decision not to amend the petition. Just to wrap it up with a bow, I guess, the state's argument is that post-plea counsel chose not to amend the motion, the pro se motion, because there was no made in that motion. Yes. Post-plea counsel is not required under Rule 604D to pose any meritless or argue any meritless positions. And it's our position that post-plea counsel filed a facially compliant certificate. And there's nothing in the record that would rebut what they stated in the would be forced to argue something that they believed to be meritless or possibly believed to be meritless. I mean, there's no duty under the rule that says you have to argue every single thing the defendant argues. They're only required to adequately—only required to amend it to adequately present the arguments that defendant says. So just in follow-up to what Justice Barbera said, if there is no requirement for them to argue a meritless issue, why would they not bring that to the attention of the court? I mean, was there any other issue that they were arguing but the motion she raised that triggered 604D? No, Your Honor. Okay. Thank you very much for your argument and your candor, by the way. I appreciate it. I'm sorry. Did I get it close? Okay. Yes, that was very close. I just have a few points in rebuttal. So in Bridges, the defendant wasn't present for the hearing. But in this case, Ms. Valagura was. So post-plea counsel, even if he forgot to file that affidavit, could have called her. She was there. She was available. And as Justice Barbera just asked opposing counsel, if there were no valid arguments or valid issues, counsel shouldn't have argued. Counsel explicitly says on the record that her letter is sufficient to address the claims that she wants to raise in her post-plea—her those letters—or based on the claims in the letters. So counsel here does argue. Counsel here files that facially compliant certificate saying that, you know, that motion, that letter is adequate. It's adequate to present her claims—the defect in her guilty plea hearing in the claims. So let me ask you then, why, if the post-plea counsel concedes that that's good enough, why is he required to amend? Because Rule 604D tells us that when a defendant is pro se, they don't have to file that affidavit because, you know, they don't know. But Rule 604D says if the claims are of matters that don't show up in the record, such as discussions with counsel, stuff that happened behind closed doors, they have to be supported by an affidavit. And Bridges says at least something, at least some testimony, at least some evidence. And as this Court recognized, Bridges, the attorney on Bridges does a lot. They talk about—they make multiple claims that deal with matters like here. Maybe the defendant knew prior to pleading guilty, but the defendant still pleads guilty in Bridges. So we don't know exactly what happened. And I do want to mention that opposing counsel talks about this first appearance for Ms. Vallagura. She talks about, you know, a potential defense that she may have. Plea counsel wasn't there. We don't know exactly what happened in the conversation between her and plea counsel after that point, once plea counsel is appointed. So again, we needed this affidavit. We needed some sort of evidence, some sort of testimony. And I think that's the main point here is that Ms. Vallagura is asking for remand so that she can file a new motion if that's necessary and, you know, have that affidavit attached or some sort of evidence or testimony. Otherwise, as the Bridges Court talks about, all the trial court had before denying her letter is the record. And the matters that she's arguing about aren't in the record. So it wasn't adequate. She didn't have an adequate opportunity to lay out her claims. So what you just told us is that the 604D certificate was not facially compliant under the rule. There was no affidavit. Well, the certificate itself was facially compliant. But if you read what's in the certificate, it's not enough here because, as you said, Your Honor, there was no affidavit. And the rule requires that. The rule doesn't require, you know, an affidavit or anything in the certificate. But the rule requires it with the motion that's filed post plea under the rule. So there was no compliance with the rule. That's correct, Your Honor. So we have to draw a very fine line when we use the language regarding the certificate versus the affidavit. Is that what you're saying? An affidavit under 604D has to be filed because it was a pro se letter, right? Yes. And regarding matters that are not a part of the record. The certificate itself, there's a form now with the rule. So the certificate itself is the form. That's facially compliant. It's the substance. It's what exactly happened at the 604D hearing that's at issue here. Justice Wharton has a question. There's no argument that the trial court made the correct admonishments. I assume there was a complete factual basis. And 604D counsel in reviewing this situation looked back at the records, saw the admonishments are correct. I assume there was a thorough recitation of what the state expected to prove if they were going to trial. And it just appears to me at this time that there's no deficiency in counsel's representation that can be shown. Everything else seems to be speculative. I'd like to know. Your Honor, if I may, if I can get your attention. Go ahead. The record, page R27 and 28, the state's factual basis is a sentence. All it says is that on December 13, 2017, in Randolph County, Ms. Vallegro was in possession of heroin under 15 grams. That's the extent of the factual basis. There was not an extensive factual basis. Sorry, Your Honor? There was not an extensive factual basis. No, it just laid out that she had heroin that was under 15 grams and that's in the charging document. So that's all it was, but it's a possession case. So anything that happened before wasn't a part of the factual basis here. Okay, Justice Wharton, was your question answered or do you need further comment? No, thank you. It was answered. I am having trouble hearing you. Justice Barberis, any further follow-up? Nothing further. Thank you. Okay. Thank you, counsel. This matter will be taken under advisement and we will issue an indictment. Thank you, Your Honors.